UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MANUEL DEJESUS OLVERA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  1:21-cv-00291-DCN<br>            1:19-cr-00037-DCN-7<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

On July 12, 2021, Petitioner Manuel Olvera filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Petition"). Dkt. 2. On August 19, 2021, Respondent, the United States of America (the "Government"), filed a Motion to Dismiss. Dkt. 4. Olvera failed to respond to the Government's Motion.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will rule on the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to GRANT the Government's Motion and will DISMISS Olvera's Petition.

## II. DISCUSSION

In its Motion, the Government requests that the Court dismiss Olvera's Petition because it was untimely filed. Under the circumstances, the Court must agree.

The Court sentenced Olvera on November 15, 2019, and entered judgment on November 18, 2019. Criminal Case No. 1:19-cr-00037-DCN-1, Dkts. 164, 165.

Pursuant to 28 U.S.C. § 2255(f)(1), a one-year statute of limitations applies to any motion seeking to vacate, set aside, or correct a criminal sentence imposed by the Court. Insofar as judgment in this case became final on November 18, 2019, Olvera had until November 18, 2020, to file his Motion. Olvera's Petition, however, is dated July 6, 2021, and was received by the Court on July 12, 2021—over eight months *after* the applicable deadline. Dkt. 2, at 12, 1.

While there are certain circumstances that toll the timeframe for filing, Olvera did not cite to any and none appear applicable here. *See* 28 U.S.C. § 2255(f)(2)-(4). What's more, the form Olvera filled out specifically outlined that "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." Dkt. 2, at 10. Olvera left this section blank and did not indicate elsewhere any information as to why his Petition was late.

Olvera has not responded to the Government's Motion, nor has he provided any justification for his untimely filing. Accordingly, the Court will GRANT the Government's Motion and dismiss the Petition.

### III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal from the denial or dismissal of his § 2255 Motion unless he first obtains a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of

appealability is warranted when "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); 28 U.S.C. § 2253(c). No such showing has been made by Olvera in this case and, therefore, the certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).

## IV. CONCLUSION

For all the reasons stated above, the Court finds Olvera's Petition was not timely filed and must be dismissed pursuant to 28 U.S.C. § 2255.

## V. ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Case 1:21-cv-00291, Dkt. 4) is **GRANTED**.

2. Olvera's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Case 1:21-cv-00291-DCN, Dkt. 2; Case 1:19-cr-00037-DCN-7, Dkt. 205) is **DISMISSED** as untimely.

3. No certificate of appealability shall issue.

DATED: November 8, 2021

David C. Nye
Chief U.S. District Court Judge